UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14064-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOBIAS LOWE,

    Defendant.
_____/

FILED by _____ D.C.

MAR 3 0 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSION TO VIOLATION NUMBER 2 SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on March 30, 2011 in respect to the pending Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing wherein the Defendant advised this Court that he wished to admit Violation Number 2, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on March 30, 2011 for a final evidentiary hearing in respect to the Petition Alleging Violations Of Supervised Release. That Petition alleged three violations which are as follows:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 23, 2011, in Saint Lucie County, Florida, the defendant committed the offenses of possession of cocaine with intent to deliver, contrary to Florida Statute 893.13, and possession of a firearm by a convicted felon, contrary to Florida Statute 790.23. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 11, 2011, the defendant submitted a urine specimen which tested positive for the |

|   |   |
|---|---|
|   | presence of cocaine in our local laboratory; and subsequently confirmed positive by Alere Laboratories, Incorporated. |
| **Violation Number 3** | **Violation of Standard Condition**, by frequenting a location where controlled substances are illegally sold, used, distributed or administered. On or about February 23, 2011, the defendant was in the possession of keys that gave him access to an apartment located at 424 N 22nd Street, Fort Pierce, FL, which contained cocaine and a 22 caliber firearm. |

2. At the final evidentiary hearing, the government dismissed Violation Numbers 1 and 3 on the record.

3. After consultation with his attorney, the Defendant announced to this Court that he wished to admit the remaining Violation Number 2 set forth in the Petition. This Court questioned the Defendant and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violation. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Number 2 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 30th day of March, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Russell Killinger
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal